# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GARY JUNOT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-4602** |
| **JERRY W. GOODWIN, WARDEN** | **SECTION "S"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

**PROCEDURAL HISTORY**[1]

On October 1, 2004, the State of Louisiana filed a bill of information charging petitioner, Gary Junot, a prisoner presently incarcerated in the Forcht-Wade Correctional Center, Keithville, Louisiana, with Driving Under the Influence, Fifth Offense, in violation of LSA-R.S. 14:98.[2] On November 8, 2004, petitioner pled guilty to Driving Under the Influence, Fourth Offense, in violation of LSA-R.S. 14:98. On that same date, the Honorable Stephen J. Windhorst, Twenty-Fourth Judicial District Court for the Parish of Jefferson, sentenced petitioner to serve ten years imprisonment with credit for time served, with all but 60 days of said sentence suspended. The court also sentenced petitioner to a five-year term of probation. Under the special conditions of his probation, petitioner was ordered to pay a $5,000 fine, with $4,000 of said fine suspended, was ordered to pay court costs and fees, was placed on home incarceration for the remainder of his probation and was ordered to undergo substance abuse treatment and to complete a driver improvement program. The court further ordered that petitioner's vehicle be seized.[3]

---

[1] As a result of petitioner's guilty plea, no full trial was held in this matter and no direct appeal was lodged. As such, there is no case law setting forth petitioner's procedural history. Accordingly, the procedural history facts set forth herein are based upon the court's review of the State court record.

[2] *See* State rec., vol. 1 of 2, Bill of Information dated October 1, 2004.

[3] *See* State rec., vol. 1 of 2, Court Minutes dated November 8, 2004.

2

Approximately two years later, on November 2, 2006, following a hearing, petitioner's probation was revoked and petitioner was sentenced to ten years incarceration with credit for time served.[4] On November 6, 2006, petitioner's counsel filed a Notice of Intention to File for Supervisory Writs and a Motion to Set Return Date for Supervisory Writs. On November 14, 2006, the trial court set a return date of December 1, 2006.[5]

Petitioner did not file a writ application with the state appellate court by the December 1, 2006 return date. Instead, on May 29, 2007, petitioner filed a pro se application for post-conviction relief with the state district court. On June 28, 2007, the district court denied petitioner's writ application.[6]

In August, 2007, counsel filed on petitioner's behalf an Application for Stay Order from Judgment Making Rule to Revoke Probation Absolute. On September 4, 2007, the district court denied petitioner's application for a stay.[7]

On September 18, 2007, counsel filed on petitioner's behalf a writ application with the Louisiana Fifth Circuit Court of Appeal seeking review of the district court's

---

[4]*See* State rec., vol. 1 of 2, Court Minutes dated November 2, 2006.

[5]*See* State rec., vol. 1 of 2.

[6]*See* State rec., vol. 1 of 2.

[7]*See* State rec., vol. 1 of 2.

November 2, 2006 revocation of petitioner's probation.[8] On October 25, 2007, the state appellate court denied petitioner's writ application as untimely, providing:

> Relator seeks review of the district court's revocation of his probation. Because relator failed to file his writ application by the return date of December 1, 2006 set by the district court and because there is no showing that the delay in filing was not due to the applicant's fault, this writ application is untimely, and is therefore, denied.

*State v. Junot*, No. 07-KH-731 (La. App. 5 Cir. Oct. 25, 2007) (unpublished opinion).[9]

Thereafter, on November 20, 2007, petitioner sought relief from the Louisiana Supreme Court.[10] The state high court denied petitioner's writ application without opinion on November 21, 2007. *State v. Junot*, 968 So.2d 144 (La. 2007).

On September 17, 2008, petitioner filed the instant federal habeas corpus application in the United States District Court for the Western District of Louisiana, claiming that his probation was unlawfully revoked. As petitioner's challenged probation revocation arises from a state district court located within the confines of the Eastern District of Louisiana, United States Magistrate Judge Karen L. Hayes of the Western District of Louisiana, on September 22, 2008, properly transferred this matter to the Eastern District of

---

[8]*See* State rec., vol. 2 of 2.

[9]A copy of the Louisiana Fifth Circuit's unpublished opinion is contained in the State rec., vol. 2 of 2.

[10]A copy of petitioner's writ application, filed on his behalf by counsel, is contained in the State rec., vol. 2 of 2.

4

Louisiana. (Rec. doc. 1). In its response (rec. doc. 10), the State contends that the instant federal habeas corpus action is untimely. For the reasons set forth below, this court agrees.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of Constitution or laws of the Untied States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Reviewing petitioner's federal application, the court finds that subsections (B) and (C) of § 2244(d)(1) are clearly not applicable. The issue of applicability, however, is less clear with respect to subsections (A) and (D).

The United States Court of Appeals for the Eleventh Circuit, dealing with a habeas application arising from a parole revocation in the State of Alabama, held that subsection (D) of 28 U.S.C. § 2244(d)(1) was the applicable section for purposes of determining the timeliness of the petitioner's § 2254 petition. *Ray v. Mitchem*, 272 Fed. Appx. 807, 809 (11th Cir.), *cert. denied,* __ U.S. __, 129 S.Ct. 204, 172 L.Ed.2d 170 (2008), *citing Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). The Eleventh Circuit stated that petitioner's parole revocation became final and the AEDPA's one-year limitations period began to run on the date his parole was revoked. *Ray*, 272 Fed. Appx. at 809.[11]

A basis for the *Mitchem* court's determination that subsection (A), under which prescription commences to run at the conclusion of direct review or the expiration of the time for seeking direct review, was not applicable, was the court's recognition that "Alabama does not have a direct appeal procedure through which the Parole Board's decision to revoke parole can be challenged. Instead, a prisoner must challenge his parole revocation by filing a petition for writ of certiorari in the state trial court." *Mitchem*, 272 Fed.Appx. at 809

---

[11] The court notes that the United States Court of Appeals for the Fifth Circuit has not addressed the issue of whether subsection (A) or subsection (D) of § 2244(d)(1) should be utilized in the context of a petitioner seeking relief in connection with a probation or parole violation.

(citations omitted). In contrast, while Louisiana does not have a direct appeal procedure via which a prisoner can challenge his probation revocation, "a direct means" for seeking such relief does exist via the filing of a writ application with the appropriate state appellate court. *See State ex rel. Clavelle v. State*, 861 So.2d 186, 187 (La. 2003). Thus, the issue as to whether subsection (A) or subsection (D) should be utilized for purposes of determining the timeliness of petitioner's habeas application is unclear. For this reason, the court shall address the timeliness of the instant action utilizing both subsections (A) and (D).[12] As shown below, regardless of which subsection is employed, the instant matter is time barred.

Applying subsection (A), the deadline for petitioner to timely seek direct review of his probation revocation was December 1, 2006, the return date set by the district court. As such, petitioner's one-year limitations period began running from December 1, 2006, and expired on December 1, 2007. Alternatively, applying subsection (D), the factual predicate for petitioner's habeas claim existed on November 2, 2006, the date his probation was revoked. As such, petitioner's one-year limitations period under the AEDPA began running from November 2, 2006, and expired on November 2, 2007.

As noted above, petitioner filed the instant habeas action on September 17, 2008. Thus, petitioner's federal habeas corpus application must be dismissed as untimely

---

[12]*See Namias v. Cooper*, 2009 WL 1046694, *4-6 (E.D. La. April 20, 2009), wherein the court utilized both subsections (A) and (D) in determining the timeliness of a habeas petition challenging the constitutionality of a probation revocation.

7

unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. §2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner sought relief in connection with the revocation of his probation from the state district court on May 29, 2007. Following the guidelines of § 2244(d)(1)(A) and, therefore, using December 1, 2006 as the date prescription commenced to run, by May 29, 2007, when petitioner tolled prescription by filing his post-conviction proceeding with the state district court, 148 days of his 365-day prescriptive period had expired. Utilizing the provisions of § 2244(d)(1)(D) and, therefore, using November 2, 2006 as the date prescription commenced to run, by May 29, 2007, when the statute of limitations was tolled, 176 days of petitioner's 365-day prescriptive period had expired.

Prescription remained tolled until September 4, 2007, when the district court denied petitioner relief in connection with his effort to have the court reconsider his probation revocation. At that point, prescription once again commenced to run.

Thereafter, on September 18, 2007, petitioner filed a writ application (07-KH-0731) with the Louisiana Fifth Circuit Court of Appeal seeking review of the district court's revocation of his probation. The state appellate court, however, denied petitioner's writ as

untimely because it was not filed by the December 1, 2006 return date. As such, the writ application was not properly filed and, therefore, did not interrupt the statute of limitations under the provisions of § 2244(d)(2). Accordingly, prescription continued to run, expiring, long before petitioner filed the instant habeas application on September 18, 2008.

Alternatively, even if this court found that petitioner's untimely September 18, 2007 writ application (07-KH–0731) to the Louisiana Fifth Circuit interrupted the AEDPA's statute of limitations, petitioner would still be time-barred. Under this factual scenario, prescription remained tolled until November 21, 2007, when the Louisiana Supreme Court denied petitioner's writ application, *State v. Junot*, 968 So.2d 144 (La. 2007). At that point, prescription, once again, commenced to run and continued running for another 299 days before petitioner, on September 17, 2008, filed the instant habeas corpus action. By that time, petitioner was well beyond his 365-day statute of limitations. Accordingly, the instant matter is time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citing *Rashidi v. American President Lines*, 96

9

F.3d 124, 128 (5th Cir. 1996)). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

Petitioner offers two arguments in support of his claim that he is entitled to equitable tolling. First, petitioner asserts that the untimeliness of his writ application to the Louisiana Fifth Circuit, filed September 18, 2007, approximately nine months after the expiration of his December 1, 2006 return date, should be excused because his retained attorney, Russell Stegeman, deceived him by falsely advising that "the return date had been extended and that, as such, his filing of the application on September 18, 2007 was timely." (Rec. doc. 11, p. 1).

The Fifth Circuit has determined that deception by one's counsel, leading a petitioner to believe that his pleading was timely filed, constitutes a "rare and extraordinary circumstance" that could warrant equitable tolling. *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) ("allegation that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a 'rare and extraordinary circumstance' beyond petitioner's control that could warrant equitable tolling of the statute of limitations.").[13] However, the Fifth Circuit has also determined that the petitioner bears

---

[13]*But cf. Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005), *citing Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir.), *cert. denied*, 540 U.S. 925, 124 S.Ct. 331, 157 L.Ed.2d 226 (2003) (equitable tolling not applicable in circumstances "where counsel directly misled a client that he filed a timely petition").

10

the burden of proving the allegations made in support of his claim that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). A self-serving, unsupported statement that his counsel lied to him is generally insufficient to satisfy a petitioner's burden in this regard. As the Seventh Circuit, in the context of a petitioner's claim that his counsel refused to allow him to testify, explained:

> It is extremely common for criminal defendants not to testify, and there are good reasons for this, as we have seen. Yet it is simple enough after being convicted for the defendant to say, "My lawyer wouldn't let me testify. Therefore I'm entitled to a new trial." That's what Underwood did.
>
> We agree with the First Circuit's ruling in *Siciliano v. Vose*, 834 F.2d 29, 31 (1st Cir. 1987), that this barebones assertion by a defendant ... is insufficient to require a hearing or other action on his claim that his right to testify in his own defense was denied him. It just is too facile a tactic to be allowed to succeed. Some greater particularity is necessary-and also we think some substantiation is necessary, such as an affidavit from the lawyer who allegedly forbade his client to testify-to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim.

*Underwood v. Clark*, 939 F.2d 473, 475-76 (7th Cir. 1991).

In the context of the instant case, it is not uncommon for a petitioner to file a late writ or habeas application. Yet it is simple enough for a petitioner, when faced with the prospect of having his application dismissed as untimely, to say that he was misled, that his attorney falsely informed that he had been granted an extension of the filing deadline. Such a barebones assertion is insufficient. Absent some type of substantiation, such as an affidavit

from the attorney who allegedly misled him, further judicial resources in determining the truth of the allegation are not warranted.

Petitioner also seeks to have his untimeliness excused based upon the fact that the court reporter failed to prepare a transcript of his November 2, 2006 probation revocation hearing before his December 1, 2006 deadline for filing a writ application seeking relief from his probation revocation. Petitioner asserts that because the transcript was not available, "it was impossible for [him] to file the [writ] application within the legal delays." (Rec. doc. 12, p. 2).

The fact that the hearing transcript was not available by the time petitioner's writ application to the state appellate court was due, does not justify equitable tolling for the following reasons. First, petitioner provides no specifics with regard to why a copy of the transcript was necessary before he could seek relief from his probation revocation. Second, it is undisputed that petitioner was in attendance during his November 2, 2006 probation revocation hearing. Therefore, petitioner heard the testimony of the witnesses, along with the court's reasoning for revoking his parole. As such, even without the transcript, petitioner could have submitted a timely writ application containing summaries of the pertinent testimony, along with a summary of the court's reasoning. Thereafter, upon receipt of the transcript, petitioner could have, if necessary, supplemented his writ application.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that petitioner's application for federal habeas corpus relief be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 19th day of November, 2009.

LOUIS MOORE, JR.
United States Magistrate Judge